# BERNARD v. SANFORD.—259 S. W. (2d) 547.

Middle Section.  February 27, 1953.

Petition for Certiorari denied by Supreme Court on June 5, 1953.

502

O'Brien & O'Brien, of Springfield, for complainant.

Harry L. Pepper, of Springfield, for defendant.

HOWELL, J.   This is a suit for a real estate agent's commission growing out of the exclusive listing of property in Springfield, Tennessee, for sale by the defendant Mrs. O. H. Bernard with the plaintiff real estate agent H. L. Sanford.   The suit was begun in the General Sessions Court of Robertson County, and appealed to the Circuit Court where it was tried by the Court and a jury and resulted in a verdict of the jury for the plaintiff for $499.99 and costs.

The defendant has appealed in error to this Court and has assigned errors.

The record discloses the following facts: On July 6, 1949 the defendant signed and delivered to the plaintiff an exclusive listing contract as follows:

"Realty Listing.

"H. L. Sanford and or agents, Springfield, Tenn., July 6, 1949.

"I (or we) hereby list with you, with exclusive right to made sale, of the following described real estate, situate Main at 3 Ave street or road, in the 9th Civil District of Robertson County, Tennessee, to-

wit: Bounded by the lands of: North Clarence Barbee; East Main St; South Will B. Perry; West vacant lot, size of tract 103 X 150.

"This listing is until sold and thereafter until —— days notice.

"The price you may accept is $14,000.00 on terms of ————. Possession 30 days on 5 room apart. Taxes for 1949 to be prorated.

"I (or we) agree to pay you a commission of $500.-00 if said real estate is sold, due and payable out of first cash collected.

"In case I sell, or you, with my consent sell, said property before the expiration date of this contract at a figure equal to or less than the price authorized herein I agree to pay you a commission of 5% on such price. Also if I sell said property within a period of one month after the expiration of this contract to a person whom you have talked to about or concerning the sale of said property before the expiration of the contract, I agree to pay you a commission of 5% on such sale price.

"Any contract of sale you sign in accordance with above will be binding on me.

"Signature Mrs. Ollie M. Bernard
Owner or Owners

"Address 301 N. Main St. Phone No. 48

"Listed by ————. "

The plaintiff then began efforts to sell the property by advertising it in the newspapers and placing a large painted canvas sign in the yard on the premises. He obtained a proposed purchaser who said he would take the property and who was financially able and was willing to buy it. The defendant then told the plaintiff that she had decided not to sell and asked him to discontinue the

advertisements. The plaintiff then informed the defendant that if she did sell he would expect his commission to be paid. Later the defendant and her sister, who were the owners, did sell the property to a Mr. Dorris. Plaintiff brought suit for the commissions.

■ The defendant filed a plea in abatement to the effect that the plaintiff was not a duly licensed real estate agent. The trial Court overruled this plea and the defendant filed a plea of the general issue.

The plaintiff H. L. Sanford doing business as H. L. Sanford and Company flled an application for a real estate agent's license and along with it a bond signed by A. J. Binkley and James W. Jones, as sureties, with the County Court Clerk and a license was duly issued to him under the name "H. L. Sanford & Company". This license was renewed and the fees paid for the following years. The filing of the application and bond were a prerequisite to the issuance of a license. Later this application and bond were inadvertently lost or misplaced in the office of the County Court Clerk and could not be found. Upon the hearing on the plea in abatement and upon application of the plaintiff, duplicate application and bond were filed in the office of the County Court Clerk. We think the record justified the Court in holding that the plaintiff was a duly licensed real estate agent under the name of "H. L. Sanford & Company".

■ It is insisted that there was no evidence to support the verdict of the jury.

We find that there was ample evidence to justify the jury in finding that the plaintiff had advertised the property and had procured a purchaser, Mr. W. M. (Cap.) Wynn, who was ready, able and willing to buy and that the defendant declined to sell.

In the old case of Parker v. Walker, decided by the Supreme Court in 1888, and reported in 86 Tenn. 566, on page 569, 8 S. W. 391, on page 392 it is said:

"In the case now under consideration, the very terms of the agreement between the owner of the property and his agent only required the latter to 'procure a purchaser,' and the particular agreement conforms to the very definition of a broker's general contract and undertaking. 'To procure a purchaser' of real estate, not only implies that the purchaser shall be one able to comply, but the further idea that the seller and the purchaser must be bound to each other in a valid contract. To this we must agree. An oral agreement upon the part of the purchaser would not be a valid agreement; and if he refused to complete the sale after such oral agreement, without fault upon the part of the seller, the obligation of the broker would not be fulfilled, and he could not recover his commissions. If, on the other hand, the purchaser was not only able but willing to complete the sale, and the vendor then refused to sell, or is unable to fulfill the terms upon his part, or make a good title, or the trade falls through for any other default upon the part of the seller, the commissions are nevertheless earned."

It is also insisted that the plaintiff cannot recover because the defendant Mrs. Bernard and her sister Mrs. Edwards owned the property involved. The record shows that Mrs. Bernard refused to sell and there is no evidence that Mrs. Edwards had refused to comply.

In the case of Hutchinson v. Dobson-Bainbridge Realty Co., 31 Tenn. App. 490, 217 S. W. (2d) 6, 11, this Court said:

"Defendant assigns as error the judge's refusal to charge the jury that plaintiff could not recover if Morgan knew, when defendant listed the property, that it was owned jointly by him and his wife and that he did not purport to represent her. And in this connection, he complains that the judge charged the jury that by the writing, if they found it to be the contract, defendant bound himself to sell and deliver a good title, which meant getting his wife's signature.

"Neither of these matters was prejudicial error. It being undisputed that the sale had been made by defendant and wife, these matters were immaterial and mere abstractions, which cannot be ground for reversible error . Code section 10654; Thomason v. Trentham, 178 Tenn. 37, 154 S. W. (2d) 792, 138 A. L. R. 461; Stepp v. Black, 14 Tenn. App. 153, 163.''

We find no reversible errors in the charge of the Court or in its ruling upon exceptions. It does not appear that the defendant submitted any special requests to the trial Judge or offered any objections or exceptions to the charge by the Court.

The defendant has had a fair and impartial trial and the verdict of the jury is sustained by the evidence.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

A judgment will be entered here in favor of the plaintiff and against the defendant and her sureties for the sum of $499.99 and interest from the date of the judgment of the Circuit Court, and the costs of the case.

Affirmed.

Felts and Hickerson, JJ., concur.